**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR THE BENEFIT OF THE REGISTERED HOLDERS OF BMO 2024-C10 MORTGAGE TRUST, COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2024-C10 AND THE UNCERTIFICATED INTEREST OWNERS,<br><br>        Plaintiff,<br><br>    v.<br><br>PHILIP W. CYBURT and SPENCER C. ATKINS,<br><br>        Defendants. | C.A. No. _____<br><br>**NOTICE OF REMOVAL** |

TO:    THE JUDGES FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTIRCT OF NEW YORK

**PLEASE TAKE NOTICE**, that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Philip W. Cyburt and Spencer C. Atkins (collectively "Defendants") by and through undersigned counsel, hereby removes this action entitled *Wilmington Savings Fund Society, FSB, as Trustee for the benefit of the registered holders of BMO 2024-C10 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2024-C10 and the Uncertificated Interest Owners v. Philip W. Cyburt et al.* filed in the Supreme Court of the State of New York, County of New York, Index No. 651414/2026 (the "State Court Action"), to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441.[1]  As required by 28 U.S.C. § 1446(a), Defendants set forth below a short and plain statement of the grounds for removal:

---

[1] By removing this action to this Court, Defendants do not waive and expressly reserve any defenses, objections, or responsive pleadings available under State or Federal law.

1

**SUMMARY**

1.      On March 6, 2026, Plaintiff Wilmington Savings Fund Society, FSB, as Trustee for the benefit of the registered holders of BMO 2024-C10 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2024-C10 and the Uncertificated Interest Owners ("Plaintiff") filed a Summons and Motion for Summary Judgement in Lieu of Complaint pursuant to N.Y. C.P.L.R. § 3213 (the "Motion") against Defendants.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants in the State Court Action are attached as Exhibits 2-19. Attached as Exhibit 1 is the State Court Action docket.

2.      Plaintiff's Motion seeks to collect on a Guaranty of Recourse Obligations (the "Guaranty") executed by Defendants in 2024 relating to a commercial real estate loan transaction. *See* Ex. 16, Plf.'s Br.  Plaintiff alleges that Wilmington Savings Fund Society, FSB ("WSFS") is now the holder of the Guaranty and the underlying loan documents pursuant to their sale to WSFS as trustee of the BMO 2024-C10 Mortgage Trust (the "Trust"), a commercial mortgage-backed securities ("CMBS") trust, and that a default has occurred under the loan documents permitting them to enforce the Guaranty. Defendants dispute these allegations.

3.      Defendants accepted service of the Summons and Motion on March 11, 2026. *See* Ex. 19, Stipulation Waiving and Acknowledging Service and Adjourning Return Date, ¶ 1. Defendants are timely filing this notice within 30 days of service.  See 28 U.S.C. § 1446(b).

4.      Removal is proper here based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), because the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship between Plaintiff and Defendants. Specifically, Plaintiff is a citizen of Delaware, Defendant Philip W. Cyburt is a citizen of Florida, and Defendant Spencer

2

C. Atkins is a citizen of Illinois. Pursuant to the Motion, Plaintiff seeks monetary relief in excess of $51,274,576.49. *Id.* at 5.

5.    This Court is the proper venue for removal under 28 U.S.C. § 1441(a) because it is "the district and division embracing the place where such action is pending," specifically New York County.

## **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS**

6.    Diversity of citizenship exists when a suit is between citizens of different states or citizens of a state and citizens of a foreign state. 28 U.S.C. § 1332 (a)(1)-(2).  As noted directly above, there is complete diversity of citizenship between Plaintiff and Defendants in this case and the amount in controversy exceeds the $75,000.00 statutory minimum.

7.    Plaintiff's N.Y. C.P.L.R. § 3213 motion for summary judgment in lieu of complaint does not include a statement as to its grounds for the court's jurisdiction in the State Court Action; nonetheless, Plaintiff states that it holds the Loan as "Trustee for the benefit of the registered holders of BMO 2024-C10 Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2025-C10 and the Uncertificated Interest Owners (the "Trust")."  Ex. 4, Ghezzi Aff., ¶ 1.

8.    WSFS, a federal savings bank, *see* Ex. 20, PSA at 151, is the relevant entity to assess for diversity purposes:[2] "[i]n determining whether a Federal court has diversity jurisdiction over a case in which a Federal savings association is a party, the Federal savings association shall be considered to be a citizen only of the State in which such savings association has its home

---

[2] Plaintiff was appointed Trustee pursuant to a Pooling and Servicing Agreement dated November 1, 2024 (the "PSA").  Excerpts of the relevant portions of the PSA as cited herein are attached hereto as Exhibit 20. The PSA is also publicly available at sec.gov/Archives/edgar/data/2038432/000153949724002366/exh4-1_c10psa.htm (last accessed April 6, 2026).

office." 12 U.S.C. § 1464(x).  In turn, the term "Federal savings association" includes "any Federal savings association or Federal savings bank which is chartered under section 1464 of this title." 12 U.S.C. § 1813.

9.    Therefore, WSFS is a citizen of Delaware for diversity purposes because the WSFS Charter provides that the "home office of the savings bank shall be located in the County of New Castle, State of Delaware," Ex. 21, WSFS Charter, § 2,[3] and the Federal Deposit Insurance Corporation ("FDIC"), which insures WSFS, lists WSFS's corporate headquarters at 500 Delaware Ave., Wilmington, DE 19801.[4]

10.    This conclusion is supported by, *inter alia*, the U.S. Supreme Court's decision in *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016), in which the Court stated that when "a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes."  *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). "[T]he weight of authority in [the Southern District of New York] supports the conclusion that the Trustee's citizenship—and its citizenship alone—is relevant to the Court's analysis of the plaintiff-side citizenship for diversity jurisdiction purposes." *Wilmington Tr., Natl. Assn. v. Aevri Salina Meadows LLC*, 2025 WL 405721, at *4 (S.D.N.Y. Feb. 5, 2025).

11.    To the extent WSFS contends remand is necessary because it is "acting solely in its capacity as trustee" WSFS is still "an 'active trustee,' and so its own citizenship, not that of the [trust], controls for purposes of assessing diversity jurisdiction." *Id.* (quoting *Americold*, 577

---

[3] A copy of WSFS's federal stock charter is attached hereto as Exhibit 21 (the "WSFS Charter").  The WSFS Charter is also publicly available at https://www.sec.gov/Archives/edgar/data/1844971/000119312521277581/d205357dex251.htm (last accessed April 3, 2026).

[4] See FDIC, Wilmington Savings Fund Society, FSB Institution Details (March 27, 2026) (publicly available at https://banks.data.fdic.gov/bankfind-suite/bankfind/details/17838) (last accessed April 3, 2026).

U.S. at 383). A trustee is an active trustee when it "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others," such that it is a "real party to the controversy." *Wells Fargo Bank, N.A. v. Konover Dev. Corp.*, 630 F. App'x 46, 49 (2d Cir. 2015).

12.    The PSA demonstrates that Plaintiff possesses the "customary powers" of an active trustee.  Specifically, the PSA provides that "Depositor . . . [does] assign, sell, transfer, set over and otherwise convey to the Trustee . . . in trust without recourse for the benefit of the [beneficiaries] . . . all the right, title, and interest of the Depositor" in the Trust assets. Ex. 20, PSA, § 2.01(a).  The transfer to the Trustee "is absolute and . . . is intended by the parties to constitute a sale."  *Id.*  Courts in this district have repeatedly pointed to identical language in determining that a trustee is a real party to the controversy.  *See, e.g.*, *Wilmington Tr. v. Aevri Salina Meadows*, 2025 WL 405721 at *4 (only citizenship of trustee considered in analyzing diversity jurisdiction); *Wells Fargo Bank, N.A. v. 390 Park Ave. Associates, LLC*, 2017 WL 2684069, at *3 (S.D.N.Y. June 21, 2017) (same); *Wilmington Tr., Natl. Assn. as Tr. for Benefit of Registered Holders of Benchmark 2018-B5 Mortg. Tr., Com. Mortg. Pass-Through Certificates, Series 2018-B5 v. 115 Owner LLC*, 2021 WL 5086368, at *1 (S.D.N.Y. Nov. 2, 2021) (same).

13.    Similarly, and to the extent Plaintiff argues the third-party special servicer identified in the PSA is the real party in interest for diversity analysis, courts in New York have repeatedly rejected arguments based on similar contractual provisions – including, like here, in the commercial mortgage-backed securities context.  *See*, *e.g.*, *Wilmington Tr. v. 115 Owner, LLC*, 2021 WL 5086368 at *1 (servicer's authority to initiate litigation on behalf of trustee was a delegation of authority from the plaintiff-trustee and did not affect the plaintiff's status as real

party in interest for diversity jurisdiction purposes); *Wells Fargo v. Konover*, 630 Fed. App'x at 49 (same); *Wells Fargo v. 390 Park Avenue*, 2017 WL 2684069 at *3 (same).

14.     Finally, as a "a common law trust" formed "under the laws of the State of New York pursuant to the [PSA]," Ex. 22, Form 8-K, Item 8.01, the citizenship of WSFS, as trustee, controls the diversity analysis rather than that of the trust itself. *See also* Ex. 20, PSA § 12.03 (providing that New York law governs the PSA, including the "RELATIONSHIP OF THE PARTIES"). *See also Wilmington Tr. v. Aevri Salina Meadows*, 2025 WL 405721 at *5 (common law trust organized under the laws of New York's citizenship determined by the trustee's citizenship). In sum, WSFS is a citizen of Delaware.

15.     Defendant Philip W. Cyburt is a citizen of Florida residing at 501 East Las Olas Blvd., Suite 300, Fort Lauderdale, FL 33301, and Defendant Spencer C. Atkins is a citizen of Illinois residing at 2805 South Boulder Dr., Urbana, Illinois 61802. *See* Declaration of Philip W. Cyburt, ¶ 3 (attached hereto as Exhibit 23); Declaration of Spencer C. Atkins, ¶ 3, (attached hereto as Exhibit 24).

16.     Accordingly, the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied because neither defendant is a citizen of Delaware.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

17.     Plaintiff claims damages in excess of the $75,000 threshold in 28 U.S.C. § 1332(a). For purposes of this Notice of Removal only, Defendants accept this representation as true, and that the amount of damages Plaintiff seeks exceeds $75,000. Defendants do not admit or concede the truth of any of Plaintiff's claims or that Plaintiff is entitled to relief in that amount or any amount whatsoever. Indeed, Defendants expressly deny all of Plaintiff's allegations, contentions, purported causes of actions, claims, and damages, and reserve all defenses and rights.

6

18.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

19.     As held by the United States Supreme Court, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

20.     Plaintiff seeks summary judgment against Defendants "in the amount of $51,274,576.49 as of the date of this filing (or, alternatively, $31,274,576.49), plus interest and attorneys' fees and costs . . . ."  Ex. 16, Plf.'s Br. at 14.

21.     Plaintiff's claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

## REMOVAL IS OTHERWISE PROPER BASED ON ALL PROCEDURAL REQUIREMENTS

22.     Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

23.     Removal to this District Court is proper because the Southern District of New York embraces New York County where the State Court Action is now pending. 28 U.S.C. § 112; *see also* 28 U.S.C. § 1441(a).

24.    Pursuant to 28 U.S.C. § 1446(a), Defendants aver a copy of all process, pleadings, and docket in the State Court Action are attached hereto.  *See* Exs. 1-19.

25.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel, and a copy is being filed with the Clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Defendants hereby give notice that the above-entitled State Court Action, formerly pending in the Supreme Court of the State of New York, New York County, has been removed to the United States District Court for the Southern District of New York.


Dated:  New York, New York.                   Respectfully submitted,
        April 6, 2026



                                              By: */s/ Neal Kronley*
                                              _____

                                                 **DLA PIPER LLP (US)**

                                                 Neal Kronley
                                                 Caleb Roche
                                                 1251 Avenue of the Americas, 24th Floor
                                                 New York, NY 10020-1104
                                                 Tel: (212) 335-4500
                                                 neal.kronley@us.dlapiper.com
                                                 caleb.roche@us.dlapiper.com

                                                 *Attorneys for Defendants*


8

## **CERTIFICATE OF SERVICE**

I, Neal Kronley, certify that a true copy of the above Notice of Removal, and all attachments thereto, was served upon all counsel of record via the Court's CM/ECF filing system.

Dated: April 6, 2026                    */s/ Neal Kronley*
                                           Neal Kronley

9